**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

EARL E. BRAMHALL,

      Plaintiff - Appellant,

v.

CYPRESS CREDIT UNION;
BROOKE BENNION; SALT LAKE
COUNTY DISTRICT ATTORNEY'S
OFFICE; SIMARJIT S. GILL;
ROBERT N. PARRISH; MELANIE
M. SERASSIO; STEVEN C.
GIBBONS; NATHANIEL J.
SANDERS; NATHAN J.
EVERSHED; CHOU CHOU
COLLINS; THOMAS V.
LOPRESTO, II; CRAIG STANGER;
JARED W. RASBAND,

      Defendants - Appellees,

and

CHRISTINA P. ORTEGA;
GREGORY N. FERBRACHE;
JARED N. PARRISH,

      Defendants.

No. 23-4056
(D.C. No. 2:19-CV-00477-RJS)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BACHARACH**, **KELLY**, and **LUCERO**, Circuit Judges.

_____

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

_____

This appeal grew out of the prosecution of Mr. Earl Bramhall for making a terroristic threat. After roughly nine years and two trials, Mr. Bramhall obtained an acquittal. He then sued various individuals and entities. Only one of these defendants is involved in this appeal: The district attorney of Salt Lake County.

The claim against the district attorney involves the denial of a speedy trial. On this claim, the district court granted summary judgment to the district attorney, concluding that the delays hadn't violated Mr. Bramhall's right to a speedy trial. For this conclusion, the court reasoned in part that most of the delays had resulted from defense counsel's motions for continuances, three changes in defense counsel, and numerous competency evaluations requested by defense counsel.

---

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

| Ten Continuances of the Trial | |
|---|---|
| **Vacated Trial Settings** | **Reason for Continuance** |
| January 6–8, 2009 | Motion to continue filed by Mr. Bramhall's counsel |
| February 10–12, 2009 | Petition to determine competency filed by Mr. Bramhall's counsel |
| March 30–April 1, 2010 | Motion to continue filed by Mr. Bramhall's counsel |
| September 14–16, 2010 | Stipulation for competency evaluation "based primarily on the concerns of [Mr. Bramhall's counsel]" |
| April 26–29, 2011 | Motion to continue filed by Mr. Bramhall's counsel |
| October 4–7, 2011 | Motion to continue filed by Mr. Bramhall's counsel and Mr. Bramhall's pro se motion to represent himself |
| January 30–February 3, 2012 | Petition to determine competency filed by Mr. Bramhall's counsel and Mr. Bramhall's pro se motion to remove his attorneys |
| September 29–October 3, 2014 | Motion to continue filed by Mr. Bramhall's counsel |
| January 5–9, 2015 | Unopposed motion to continue filed by the prosecution to allow Mr. Bramhall to meet the statutory notice requirements for an expert witness he intended to utilize at trial |
| September 19–21, 2016 | Motion to continue filed by Mr. Bramhall's counsel |

Mr. Bramhall insists that the court disregarded his personal harm from the 4+ years that he had spent in pretrial detention. According to Mr. Bramhall, the district court mistakenly assumed that he hadn't suffered any harm from his pretrial confinement while his attorneys continued to delay the trial.

Mr. Bramhall has misinterpreted the district court's ruling. The court didn't overlook Mr. Bramhall's harm from his pretrial detention; the court simply applied the appropriate test for the denial of a speedy trial. *See*

3

*Barker v. Wingo*, 407 U.S. 514, 530 (1972). Under that test, the court must consider the reasons for the delay. *Id.* at 530–31. These reasons, as Mr. Bramhall acknowledges, largely involved his attorney's requests for continuances and competency evaluations. The court wasn't disregarding Mr. Bramhall's understandable frustration with his pretrial confinement. Though the delay harmed Mr. Bramhall, the Court couldn't disregard his attorneys' requests for more time and for competency evaluations. *See Vermont v. Brillon*, 566 U.S. 81, 90–91 (2009) (stating that the court must consider whether the defense attorney had requested the continuances because the attorney is acting as the defendant's agent in the litigation).

In his reply brief, Mr. Bramhall suggests false imprisonment (p. 19) and nondisclosure of exculpatory evidence (p. 20). But Mr. Bramhall did not sue the district attorney for false imprisonment or nondisclosure of exculpatory evidence. To the contrary, Mr. Bramhall sued the district attorney for denial of the right to a speedy trial. And in adjudicating that claim, the district court didn't overlook or minimize Mr. Bramhall's 4+ years in pretrial confinement. So we affirm the award of summary judgment to the district attorney.

Entered for the Court

Robert E. Bacharach
Circuit Judge

4